**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

BILL G. NICHOLS, on behalf of himself and others similarly situated,

Plaintiff,

vs.

(1) CHESAPEAKE OPERATING, LLC, and
(2) CHESAPEAKE EXPLORATION, LLC

Defendants.

Case No. CIV-16-1073-HE

**NOTICE OF REMOVAL**

Defendants Chesapeake Operating, L.L.C. ("Chesapeake Operating") and Chesapeake Exploration, L.L.C. ("Chesapeake Exploration") (collectively "Chesapeake" or "Defendants") hereby remove this action under 28 U.S.C. §§ 1332(d), 1441, 1446, & 1453 from the District Court of Beaver County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma. In support of removal, Defendants state the following:

**I. The State Court Action and Timeliness of Removal**

1. Plaintiff originally filed this action as Case No. CJ-2016-14 in the District Court of Beaver County, State of Oklahoma on August 9, 2016.[1] A copy of the Petition

[1] This case is a companion to the case styled *Jerry Venable Revocable Family Trust vs. Chesapeake Operating, LLC*, Case No. CIV-16-782-M in the United States District Court for the Western District of Oklahoma. Plaintiff in this case and the plaintiff in the *Venable Trust* case are represented by the same counsel, and Plaintiff filed this action after Chesapeake Operating removed the *Venable Trust* case. The claims asserted here are identical to the claims asserted in the *Venable Trust* case, and the proposed class Plaintiff seeks to represent in this case is a subset of the proposed class in the *Venable Trust* case.

is attached as Exhibit 1. Defendants' registered service agent was served via process server with copies of the Petition and Summonses on August 16, 2016. Copies of the affidavits of service for Chesapeake Operating, L.L.C. and Chesapeake Exploration, L.L.C. are attached as Exhibits 2 and 3, respectively. Removal of this action is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within 30 days of Defendants being served with process in the state court action.

2. Prior to removal, Defendants filed an Answer in the state court on September 7, 2016. A copy of Defendants' Answer is attached as Exhibit 4. No other process, pleadings, or orders from the state court have been served on Defendants as of the time this Notice of Removal is filed. A copy of the state court docket sheet is attached as Exhibit 5.

## II. Original Subject-Matter Jurisdiction

3. This Court has jurisdiction over this case under 28 U.S.C. §§ 1332(d) and 1453, part of the Class Action Fairness Act ("CAFA"). Plaintiff asserts claims on behalf of a proposed class consisting of more than 100 members in which (1) at least one member of the class is a citizen of a different state than Defendants, and (2) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). Therefore, this case may be removed to this Court under 28 U.S.C. § 1441(a).

### A. Number of Putative Class Members

4. Plaintiff defines the putative class as:

> All persons who are (a) an *"Oklahoma Resident"*; and (b) a royalty owner in Oklahoma wells where Chesapeake Operating, LLC (f/k/a Chesapeake Operating, Inc.) and/or Chesapeake Exploration, LLC is or was the operator (or a working interest owner who marketed its share of gas and directly paid royalties to the royalty owners) from January 1, 2015 to the date Class Notice is given. The Class claims relate to royalty payments for gas and its constituents (such as residue gas, natural gas liquids, helium, nitrogen, or drip condensate).
>
> Excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of American, including but not limited to the U.S. Department of the Interior (the United States, Indian tribes, and Indian allottees); (2) Defendants, their affiliates, predecessors, and employees, officers, and directors; (3) Any NYSE or NASDAQ listed company (and its subsidiaries or affiliates) engaged in oil and gas exploration, gathering, processing, or marketing; (4) the claims of royalty owners to the extent covered by arbitration clauses or prior settlement agreements, if any, still in effect on or after January 1, 2015; (5) overriding royalty owners and others whose interest was carved out from the lessee's interest; (6) royalty owners who opted out or objected of record in *Fitzgerald Farms, LLC v. Chesapeake Operating, Inc.*, Case No. CJ-1 0-38, Beaver County, Oklahoma; (7) royalty owners who have already filed and still have pending lawsuits for underpayment of royalties against Chesapeake at the time suit is filed herein; (8) royalty owners taking gas in-kind, if any.
>
> *"Oklahoma Resident"* means: Persons to whom, from January 1, 2015 to the date suit was filed herein, (a) Chesapeake mailed or sent each monthly royalty check on an Oklahoma well to an Oklahoma address (including direct deposit); (b) Chesapeake mailed or sent a 1099 for both 2014 and 2015 to an Oklahoma address; (c) the Settlement Administrator in Fitzgerald Farms, LLC v. Chesapeake Operating, Inc., Case No. CJ-10-38, Beaver County, Oklahoma mailed or sent a distribution check and 1099 to an Oklahoma address; and, (d) except for charitable institutions, were not subject to the Oklahoma Withholding Tax for Nonresidents on royalties paid in 2014 to the date suit was filed.

Class Action Pet. ¶ 13.

5. Plaintiff alleges that "[t]he members of the Class are so numerous and geographically dispersed that joinder of all members is impracticable." *Id.* at ¶ 14.

6. Although Defendants do not believe that Plaintiff has defined a proper class, the number of individuals who may be included in the putative class defined by Plaintiff is significantly higher than 100 persons. For example, Plaintiff's Petition alleges that Chesapeake "has operated over 1000 Class Wells producing gas in which it holds a working interest, with at least one, and usually more, royalty owners for each well." *Id.* Thus, by Plaintiff's own admission, there are at least 1,000 putative class members.

**B. Minimal Diversity of Citizenship**

7. CAFA requires only minimal diversity—in other words, at least one member of the proposed plaintiff class must be a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2)(A). Minimal diversity exists here if at least one member of the putative class is a citizen of a different state than either Defendant.

8. Defendants are both limited liability companies organized under the laws of the State of Oklahoma that maintain their principal places of business in Oklahoma. Therefore, for purposes of CAFA, Defendants are "deemed to be" citizens of Oklahoma. *See* 28 U.S.C. § 1332(d)(10). Defendants' Oklahoma citizenship does not affect the propriety of removal under CAFA. *See* 28 U.S.C. § 1453(b) ("A class action may be removed . . . without regard to whether any defendant is a citizen of the State in which the action is brought.").

9. Plaintiff alleges that he "is a resident and citizen of Beaver, Oklahoma . . ." Class Action Pet. ¶ 2. Thus, Plaintiff does not appear to be diverse from Defendants. However, at least one member of the proposed plaintiff class is a citizen of a state other than Oklahoma.

10. Austin College is a royalty owner with an interest in the Worrell 1-24 well, located in Latimer County, Oklahoma, which well has been operated by Chesapeake Operating, L.L.C. since January 1, 2015. *See* Division Order, Ex. 6. Additionally, Austin College meets Plaintiff's definition of "Oklahoma Resident" for purposes of the proposed class definition. Austin College's address for royalty payment purposes since January 1, 2015 has been c/o Bank of Oklahoma in Tulsa, OK 74101. Additionally, Chesapeake sent 1099-MISC forms to Austin College c/o Band of Oklahoma in Tulsa for both 2014 and 2015. Further, the Settlement Administrator in *Fitzgerald Farms, LLC v. Chesapeake Operating, Inc.*, Case No. CJ-2010-38 in Beaver County, Oklahoma mailed or sent a distribution check and 1099 to Austin College c/o Band of Oklahoma in Tulsa. Finally, Austin College is charitable institution and was therefore not subject to the Oklahoma Withholding Tax for Nonresidents. *See* Exemption Status, Ex. 7.

11. Notwithstanding the fact that Austin College meets Plaintiff's definition of an "Oklahoma Resident" for purposes of the proposed plaintiff class, Austin College is a citizen of Texas for purposes of CAFA. Austin College is a not-for-profit corporation organized under the laws of Texas and, upon information and belief, it maintains its principal place of business at its campus in Sherman, TX. *See* Texas Secretary of State Business Organization Inquiry, Ex. 8. Therefore, Austin College is a citizen of Texas.

12. Even if Austin College is not a member of the proposed class or otherwise fails to demonstrate minimal diversity, there are likely other members of the proposed class that meet Plaintiff's arbitrary definition of "Oklahoma Resident" and yet are not Oklahoma citizens. Generally speaking, the class is comprised of persons (i) who have a

royalty interest in Oklahoma oil and gas wells operated by a Defendant, (ii) who have received their royalty payments and tax information at an Oklahoma mailing address since January 1, 2015, and (iii) who are not subject to the Oklahoma Withholding Tax for Nonresidents. The citizenship of a Trust for diversity purposes depends on the citizenship of the trust's beneficiaries. *See Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1181 (10th Cir. 2015), *aff'd sub nom* 136 S. Ct. 1012 (March 7, 2016). In a class of the size proposed by Plaintiff, there are likely many trusts that receive royalty payments and tax information in Oklahoma and are not subject to the Oklahoma Withholding Tax for Nonresidents but whose beneficiaries are in fact citizens of a state other than Oklahoma.

13. Further, at least one federal court has concluded that when a party is considered to be a citizen of more than on state, such party only needs one of its states of citizenship to be diverse from an adverse party to satisfy CAFA's minimal diversity requirement. *See Fuller v. Home Depot Services, LLC*, Civil Action No. 1:07-CV-1268-RLV, 2007 WL 2345257, *3 (N.D. Ga. Aug. 14, 2007) (unpublished) (holding that a corporation incorporated in Delaware with its principal place of business in Georgia was "minimally diverse" for purposes of CAFA form a plaintiff class that the court assumed was limited to Georgia citizens); *see also McMorris v. TJX Companies, Inc.*, 493 F. Supp. 2d 158, 163-64 (D. Mass. 2007) (leaving open this possibility but not reaching the issue). Given the size of the class proposed by Plaintiff, there is almost surely at least one corporation, limited liability company, or other business entity that is a member of the

proposed class and organized under the law of a state other than Oklahoma but maintains its principal place of business here.

14. For these reasons, at least one member of the proposed plaintiff class is a citizen of a state other than Oklahoma, and minimal diversity is therefore present.

**C. Amount in Controversy**

15. The amount in controversy in this purported class action exceeds $5,000,000.00, exclusive of interest and costs.[2]

16. A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

17. Further, in establishing the amount in controversy, a defendant may rely on allegations in the petition. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008) (a "complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."); *see also In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking at the complaint as it

[2] Previously, some courts have held that a defendant removing under CAFA was required to submit evidence with its removal papers supporting the amount in controversy. The United States Supreme Court recently rejected that approach. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014); *see also Statin v. Deutsche Bank Nat'l Trust Co.*, 559 Fed. Appx. 545, 546, n.1 (5th Cir. 2014) (unpublished) ("The Supreme Court recently decided that defendants do not need to attach evidence supporting the alleged amount in controversy to the notice of removal."). In other words, all that is required is a "short and plain statement of the grounds for removal," including "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and that is the end of the matter, unless "the plaintiff contests, or the court questions, the defendant's allegation." *Dart*, 135 S.Ct. at 553-54.

existed at the time the petition for removal was filed.”). The court may refer to the types of claims alleged and the nature of the damages sought. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

18. It is facially apparent from the allegations in Plaintiff’s Class Action Petition that the minimum amount in controversy is met here. At a bare minimum, Plaintiff has alleged that there are at least 1,000 putative class members. Class Action Pet. ¶ 14. Thus, each of these class members need only seek to recover a mere $5,000 to meet the amount in controversy requirement. Based on the allegations, it is clear that the class members seek more than that.

19. Plaintiff’s lawsuit centers around his allegation that Defendants have failed to pay or been underpaying royalty on gas production from Oklahoma oil and gas wells by as a result of allegedly “improper accounting methods.” *Id.* at ¶ 1. In short, Plaintiff’s lawsuit claims that Defendants have underpaid royalty owners in all of their Oklahoma wells for more than a year. In addition to actual damages, Plaintiff’s Class Action Petition seeks punitive damages on behalf of the class. *Id.* at ¶¶ 68-69. Based on these allegations, the amount in controversy requirement is met. *Cf. Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001) (finding by a preponderance of the evidence that the amount in controversy exceeded $75,000, exclusive of costs and interest, when petition sought unspecified amount of damages covering ***one*** oil and gas lease for royalties and gross values of minerals extracted from ***four*** oil and gas wells) (emphasis added).

20. In sum, because Defendants have established that: (1) this action involves over 100 putative class members; (2) there is minimal diversity between Defendants and at least one putative class member; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, this Court has jurisdiction over this case under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## III. Other Procedural Requirements

21. Defendants file this Notice of Removal in the United States District Court for the Western District of Oklahoma, which is the district and division within which the State Court Action was pending. *See* 28 U.S.C. § 1441(a).

22. There are no pending motions or hearings currently set in the State Court Action.

23. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

24. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Civil District Court for Beaver County, Oklahoma, where the state court action was pending, as required by 28 U.S.C. § 1446(d).

25. By removing this action to this Court, Defendants do not waive any defenses, objections, or motions under state or federal law.

## IV. Conclusion

For these reasons, Defendants hereby remove this action to the United States District Court for the Western District of Oklahoma in accordance with 28 U.S.C. §§

1332(d), 1441, 1446, and 1453. Chesapeake respectfully requests that this Court assume jurisdiction over this action and that all further proceedings in the State Court Action be stayed.

Respectfully submitted:

*/s/ Timothy J. Bomhoff*

Timothy J. Bomhoff, OBA # 133172
Laura J. Long, OBA #22215
Patrick L. Stein, OBA #30737
MCAFEE & TAFT A Professional Corporation
Tenth Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102-7103
Telephone: 405.235.9621
Facsimile: 405.235.0439
tim.bomhoff@mcafeetaft.com
laura.long@mcafeetaft.com
patrick.stein@mcafeetaft.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This certifies that on September 15, 2016, I caused a copy of the foregoing document to be mailed via certified mail, return receipt requested to:

Rex A. Sharp
REX. A. SHARP, P.A.
5301 W. 75th Street
Prairie Village, KS 66208

**Attorney for Plaintiff**

*/s/ Timothy J. Bomhoff*
Timothy J. Bomhoff