# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BILL G. NICHOLS, on behalf of himself )
and all others similarly situated, )
                                    )
                 Plaintiff, )
                                    )
vs. )    Case No. CIV-16-1073-M
                                    )
CHESAPEAKE OPERATING, LLC, and )
CHESAPEAKE EXPLORATION, LLC, )
                                    )
                 Defendants. )

## **ORDER**

Before the Court is plaintiff's Motion to Remand, filed October 13, 2016. On November 3, 2016, defendants filed their response, and on November 9, 2016, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

On August 9, 2016, plaintiff filed this case in the District Court of Beaver County, State of Oklahoma. On September 25, 2016, defendants removed this case to this Court. Plaintiff now moves this Court, pursuant to 28 U.S.C. § 1447(c), to remand this case to the District Court of Beaver County. Specifically, plaintiff asserts that defendants have failed to show minimal diversity and that this Court, therefore, does not have jurisdiction over this case.

In their Notice of Removal, defendants assert that this Court has jurisdiction over this case under 28 U.S.C. § 1332(d)(2)(A). Specifically, defendants assert that they are citizens of Oklahoma.[1] Defendants further assert that Austin College is a member of plaintiff's proposed class

---

[1] Plaintiff does not dispute that defendants are citizens of Oklahoma.

and is a citizen of Texas.[2,3] Finally, defendants assert that the matter in controversy in this case exceeds the sum or value of $5,000,000.[4]

Section 1332(d)(2)(A) provides:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; . . . .

28 U.S.C. § 1332(d)(2)(A). As it is undisputed that the matter in controversy in this action exceeds $5,000,000 and that Austin College is a citizen of Texas, the Court must determine whether Austin College is a member of plaintiff's proposed class.

In his Class Action Petition, plaintiff defines the proposed class as follows:

> All persons who are (a) an "*Oklahoma Resident*"; and, (b) a royalty owner in Oklahoma wells where Chesapeake Operating, LLC (f/k/a Chesapeake Operating, Inc.) and/or Chesapeake Exploration, LLC is or was the operator (or a working interest owner who marketed its share of gas and directly paid royalties to the royalty owners) from January 1, 2015 to the date Class Notice is given. The Class claims relate to royalty payments for gas and its constituents (such as residue gas, natural gas liquids, helium, nitrogen, or drip condensate).

---

[2]In his motion to remand, plaintiff contends that defendants did not submit sufficient evidence in their notice of removal to establish minimal diversity. A notice of removal, however, need only include "a short and plain statement of the grounds for removal" and "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). A party must support their jurisdictional allegations by competent proof only when those allegations have been challenged. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010). As plaintiff challenged those allegations in his motion to remand, defendants submitted competent proof for their allegations in their response to plaintiff's motion to remand.

[3]Plaintiff does not dispute that Austin College is a citizen of Texas.

[4]Plaintiff does not dispute that the matter in controversy exceeds the sum or value of $5,000,000.

> Excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of America, including but not limited to the U.S. Department of the Interior (the United States, Indian tribes, and Indian allottees); (2) Defendants, their affiliates, predecessors, and employees, officers, and directors; (3) Any NYSE or NASDAQ listed company (and its subsidiaries or affiliates) engaged in oil and gas exploration, gathering, processing, or marketing; (4) the claims of royalty owners to the extent covered by arbitration clauses or prior settlement agreements, if any, still in effect on or after January 1, 2015; (5) overriding royalty owners and others whose interest was carved out from the lessee's interest; (6) royalty owners who opted out or objected of record in *Fitzgerald Farms, LLC v. Chesapeake Operating, Inc.*, Case No. CJ-10-38, Beaver County, Oklahoma; (7) royalty owners who have already filed and still have pending lawsuits for underpayment of royalties against Chesapeake at the time suit is filed herein; (8) royalty owners taking gas-in-kind, if any.
>
> "*Oklahoma Resident*" means: Persons to whom, from January 1, 2015 to the date suit was filed herein, (a) Chesapeake mailed or sent each monthly royalty check on an Oklahoma well to an Oklahoma address (including direct deposit); (b) Chesapeake mailed or sent a 1099 for both 2014 and 2015 to an Oklahoma address; (c) the Settlement Administrator in *Fitzgerald Farms, LLC v. Chesapeake Operating, Inc.*, Case No. CJ-10-38, Beaver County, Oklahoma mailed or sent a distribution check and 1099 to an Oklahoma address; and, (d) except for charitable institutions, were *not* subject to the Oklahoma Withholding Tax for Nonresidents on royalties paid in 2014 to the date suit was filed.

Class Action Petition at ¶ 13.

This Court will first determine whether Austin College is an "Oklahoma Resident," as that term is defined in the Class Action Petition.[5] For purposes of the proposed class definition, there are four requirements to be an "Oklahoma Resident." First, from January 1, 2015 to the date suit was filed, Chesapeake must have mailed or sent each monthly royalty check on an Oklahoma well

---

[5] For purposes of the definition of plaintiff's proposed class, the term "Oklahoma Resident" has a specific meaning and does not mean whether an individual or entity is a resident of Oklahoma.

3

to that person at an Oklahoma address (including direct deposit). Attached to their response, defendants have submitted evidence showing that since January 1, 2015, Chesapeake mailed or sent monthly royalty checks on an Oklahoma well to Austin College at an Oklahoma address, specifically an address in Tulsa, Oklahoma. The Court, therefore, finds that the first requirement to be an "Oklahoma Resident" has been met. Second, from January 1, 2015 to the date suit was filed, Chesapeake must have mailed or sent a 1099 for both 2014 and 2015 to that person at an Oklahoma address. Attached to their response, defendants have submitted evidence showing that since January 1, 2015, Chesapeake mailed or sent a 1099 for both 2014 and 2015 to Austin College at an Oklahoma address, specifically an address in Tulsa, Oklahoma. Third, from January 1, 2015 to the date suit was filed, the Settlement Administrator in *Fitzgerald Farms, LLC v. Chesapeake Operating, Inc.* must have mailed or sent a distribution check and 1099 to that person at an Oklahoma address. Attached to their response, defendants have submitted evidence showing that since January 1, 2015, the Settlement Administrator mailed or sent a distribution check and 1099 to Austin College at an Oklahoma address, specifically an address in Tulsa, Oklahoma. Fourth, from January 1, 2015 to the date suit was filed, that person must be either a charitable institution or not subject to the Oklahoma withholding tax for nonresidents on royalties paid in 2014 to the date suit was filed. Attached to their response, defendants have submitted evidence showing that Austin College is a charitable institution.

Based upon the evidence submitted by defendants, as set forth above, the Court finds that Austin College is an "Oklahoma Resident," as that term is defined in the Class Action Petition. The Court must now determine whether Austin College satisfies the other requirement for being a member of plaintiff's proposed class – whether Austin College is a royalty owner in Oklahoma wells

4

where Chesapeake Operating, LLC (f/k/a Chesapeake Operating, Inc.) and/or Chesapeake Exploration, LLC is or was the operator (or a working interest owner who marketed its share of gas and directly paid royalties to the royalty owners) from January 1, 2015 to the date Class Notice is given. Attached to their response, defendants have submitted evidence showing that Austin College is a royalty owner with an interest in the Worrell 1-24 well, located in Latimer County, Oklahoma, which has been operated by Chesapeake Operating, L.L.C. since January 1, 2015. Finally, the Court must determine whether Austin College falls within any of the groups of persons excluded from plaintiff's proposed class. Having carefully reviewed the parties' submissions, the Court finds that Austin College does not fall within any of the excluded groups. Accordingly, the Court finds that Austin College is a member of plaintiff's proposed class.[6]

Since it is undisputed that the matter in controversy in this action exceeds $5,000,000 and that Austin College is a citizen of Texas, and since the Court has now found that Austin College is a member of plaintiff's proposed class, the Court finds that this Court has jurisdiction over this case under 28 U.S.C. § 1332(d)(2)(A) and that defendants properly removed this case to this Court. Accordingly, the Court DENIES plaintiff's Motion to Remand [docket no. 11].

**IT IS SO ORDERED this 23rd day of February, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[6]Plaintiff asserts that by relying on the fact that documents were sent to Austin College's agent, Bank of Oklahoma, N.A., in Tulsa, Oklahoma, defendants are imputing the citizenship of Austin College's agent bank to Austin College. Plaintiff, however, is mistaken. The reliance on the mailing address of Austin College's agent is for purposes of determining whether Austin College satisfies the definition of "Oklahoma Resident" set forth in plaintiff's Class Action Petition not for purposes of determining Austin College's citizenship or actual residency.