# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILL G. NICHOLS, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CIV-16-1073-M |
| CHESAPEAKE OPERATING, LLC, and CHESAPEAKE EXPLORATION, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff's Motion to Abstain under the Home-State Mandatory Abstention Exception to CAFA, filed October 14, 2016. On April 12, 2017, plaintiff filed his Supplement to His Motion to Abstain under Home State Exception to CAFA. On June 27, 2017, the parties filed a Joint Stipulation. On July 14, 2017, defendants filed their response, and on September 5, 2017, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiff filed this proposed class action for breach of lease, breach of fiduciary duty, fraud, deceit and constructive trust against defendants in the District Court of Beaver County, Oklahoma on August 9, 2016. In the Class Action Petition, plaintiff defines the proposed class as follows:

> All persons who are (a) an "*Oklahoma Resident*"; and, (b) a royalty owner in Oklahoma wells where Chesapeake Operating, LLC (f/k/a Chesapeake Operating, Inc.) and/or Chesapeake Exploration, LLC is or was the operator (or a working interest owner who marketed its share of gas and directly paid royalties to the royalty owners) from January 1, 2015 to the date Class Notice is given. The Class claims relate to royalty payments for gas and its constituents (such as residue gas, natural gas liquids, helium, nitrogen, or drip condensate).

> Excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of America, including but not limited to the U.S. Department of the Interior (the United States, Indian tribes, and Indian allottees); (2) Defendants, their affiliates, predecessors, and employees, officers, and directors; (3) Any NYSE or NASDAQ listed company (and its subsidiaries or affiliates) engaged in oil and gas exploration, gathering, processing, or marketing; (4) the claims of royalty owners to the extent covered by arbitration clauses or prior settlement agreements, if any, still in effect on or after January 1, 2015; (5) overriding royalty owners and others whose interest was carved out from the lessee's interest; (6) royalty owners and others who opted out or objected of record in *Fitzgerald Farms, LLC v. Chesapeake Operating, Inc.*, Case No. CJ-10-38, Beaver County, Oklahoma; (7) royalty owners who have already filed and still have pending lawsuits for underpayment of royalties against Chesapeake at the time suit is filed herein; (8) royalty owners taking gas in-kind, if any.
>
> "*Oklahoma Resident*" means: Persons to whom, from January 1, 2015 to the date suit was filed herein, (a) Chesapeake mailed or sent each monthly royalty check on an Oklahoma well to an Oklahoma address (including direct deposit); (b) Chesapeake mailed or sent a 1099 for both 2014 and 2015 to an Oklahoma address; (c) the Settlement Administrator in *Fitzgerald Farms, LLC v. Chesapeake Operating, Inc.*, Case No. CJ-10-38, Beaver County, Oklahoma mailed or sent a distribution check and 1099 to an Oklahoma address; and, (d) except for charitable institutions, were *not* subject to the Oklahoma Withholding Tax for Nonresidents on royalties paid in 2014 to the date suit was filed.

Class Action Petition [docket no. 1-1] at ¶ 13.

On September 15, 2016, defendants removed this action to this Court. On October 13, 2016, plaintiff filed a motion to remand. On February 23, 2017, this Court denied plaintiff's motion to remand.

Plaintiff now moves this Court for an order abstaining from jurisdiction over this putative class action and remanding this case to the District Court of Beaver County, Oklahoma, under the

home state exception to diversity jurisdiction under the Class Action Fairness Act ("CAFA").[1] The home state exception provides:

> A district court shall decline to exercise jurisdiction under paragraph (2) –
>
> \* \* \*
>
> (B) [when] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(B). It is undisputed that the two defendants in this case are citizens of Oklahoma for purposes of CAFA and that this action was originally filed in Oklahoma state court. The only disputed issue is whether two-thirds or more of the members of the proposed class are citizens of Oklahoma.

Further, the parties do not dispute that as the party seeking remand, plaintiff bears the burden of establishing by a preponderance of the evidence that the home state exception to CAFA jurisdiction applies in this case. Plaintiff cannot rely solely on the allegations in his Class Action Petition to establish that two-thirds or more of the members of the proposed class are citizens of Oklahoma, but "must make some minimal [evidentiary] showing of the citizenship of the proposed class at the time that suit was filed." *Reece v. AES Corp.*, 638 F. App'x 755, 769 (10th Cir. 2016) (internal quotations and citation omitted). In other words, plaintiff has "to marshal and present some persuasive substantive evidence (extrinsic to the amended petition) to establish the Oklahoma citizenship of the class members." *Id.*

---

[1] In his supplement, plaintiff alternatively notes in footnote 1 that this Court can exercise its discretion to remand under the Interest of Justice exception in 28 U.S.C. § 1332(d)(3). As this issue was not briefed by the parties, the Court declines to address whether the Interest of Justice exception would apply in this case.

There are three general categories of proposed class members implicated in this case: (1) individuals, (2) entities, and (3) trusts. Each category has its own, unique citizenship test. For diversity jurisdiction purposes, individuals are deemed citizens of the state where they are domiciled, i.e, the last state in which he or she resided with an intent to remain indefinitely. *See id.* For entities, corporations are deemed to be citizens of both the state where they are incorporated and the place where they maintain their principal place of business. *See* 28 U.S.C. § 1332(c)(1). For limited liability companies, limited partnerships, and other "unincorporated associations," CAFA deems each "to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Trusts are a bit more complicated. When the trust itself is a party to the case, the citizenship of the trust is derived from all of the trust's members, which would include its beneficiaries, *see Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1181 (10th Cir. 2015), and when a trustee brings a case in his or her own name as trustee, it is the trustee's citizenship that controls for purposes of diversity jurisdiction, *see id.*

In support of his motion, plaintiff has submitted the following evidence: (1) a declaration of Joseph B. Kadane, plaintiff's expert, attesting to his generation of a random sample of the proposed class, to his statistical analysis of the data provided by plaintiff's counsel, and to his conclusion that more than two-thirds of the proposed class are citizens of Oklahoma[2]; (2) survey data regarding the random sample of the proposed class; (3) a skip-trace investigation of the random sample of the proposed class; and (4) plaintiff's counsel's data compilation and conclusions regarding whether a particular member of the random sample of the proposed class

---

[2] Mr. Kadane's analysis and conclusion are based upon the data provided by plaintiff's counsel and plaintiff's counsel's conclusions regarding whether a particular member of the random sample of the proposed class was an Oklahoma citizen.

was an Oklahoma citizen. Having carefully reviewed the parties' submissions, and particularly the evidence submitted by plaintiff, the Court finds that plaintiff has failed to establish by a preponderance of the evidence that two-thirds or more of the members of the proposed class are citizens of Oklahoma such that the home state exception to CAFA jurisdiction applies in this case. Specifically, the Court finds there are significant flaws in the evidence provided. First, neither plaintiff's data nor plaintiff's counsel's conclusions regarding whether a particular member of the random sample was an Oklahoma citizen properly addresses the requisite analysis for determining the citizenship of a trust.[3] Neither the survey data[4] nor the skip-trace investigation documents provide any information as to either the trustee's citizenship or the trust beneficiaries' citizenship. Second, upon a comparison of plaintiff's counsel's data compilation and conclusions with the skip-trace investigation documents, the Court found a number of individuals that were found to be Oklahoma citizens on plaintiff's counsel's data compilation that the skip-trace investigation documents indicated were deceased. If an individual is deceased, an additional analysis would necessarily need to be conducted to determine the citizenship of any heirs, etc. Finally, upon review of the data compilation and conclusions and the skip-trace investigation documents, the Court found there was an insufficient basis for plaintiff's counsel's determination of Oklahoma citizenship for a few of the members of the random sample. In light of the above flaws, the Court finds that Mr. Kadane's conclusion cannot be relied upon by this Court and that without Mr. Kadane's conclusion, and without sufficient reliable data, this Court cannot find by a preponderance of the evidence that two-thirds or more of the members of the proposed class are

---

[3] Trusts make up approximately 14% of the proposed class.
[4] The survey did not specifically address trusts.

citizens of Oklahoma. Accordingly, the Court finds that the home state exception to CAFA jurisdiction does not apply in this case.

The Court, therefore, DENIES plaintiff's Motion to Abstain under the Home-State Mandatory Abstention Exception to CAFA and plaintiff's Supplement to His Motion to Abstain under Home State Exception to CAFA [docket nos. 12 and 25].

**IT IS SO ORDERED this 13th day of September, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE