IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILL G. NICHOLS, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-16-1073-PRW |
| CHESAPEAKE OPERATING, LLC, and CHESAPEAKE EXPLORATION, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

The named plaintiff in this putative class action, Bill G. Nichols, has filed a Motion for Voluntary Dismissal Without Prejudice (Dkt. 78) pursuant to Fed. R. Civ. P. 41(a)(2). Defendants Chesapeake Operating, LLC, and Chesapeake Exploration, LLC, do not oppose dismissal, but request that the following conditions be imposed upon dismissal: (1) Chesapeake is awarded its costs and attorney's fees; (2) any subsequent refiling of the present action by Plaintiff, individually or as a class representative, or by Plaintiff's counsel, must be brought in this Court; and (3) Plaintiff and Plaintiff's counsel must destroy all confidential materials produced by Chesapeake within ten (10) days of dismissal (Dkt. 81). As set forth more fully below, the motion is granted with certain curative conditions.

*Applicable Law*

Rule 41(a)(1) permits a plaintiff to voluntarily dismiss an action without a court order either by filing a notice of dismissal prior to the opposing party putting a case at issue through the filing of an answer or motion for summary judgment, or by filing a stipulation

1

of dismissal signed by all parties. In all other circumstances, Rule 41(a)(2) applies; it permits dismissal of an action only by court order and "on terms that the court considers proper." The requirement of court approval "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."[1] Whether approval should be given falls within the Court's discretion.[2]

In deciding whether to grant a Rule 41(a)(2) motion to dismiss—regardless of whether the requested dismissal is with or without prejudice—it is paramount to consider "whether the opposing party will suffer prejudice in the light of the valid interests of the parties."[3]

> Absent "legal prejudice" to the defendant, the district court normally should grant such a dismissal. The parameters of what constitutes "legal prejudice" are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation for the need for a dismissal; and the present stage of the litigation. Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper.
>
> The above list of factors is by no means exclusive. Any other relevant factors should come into the district court's equation. . . .
>
> The district court should endeavor to insure substantial justice is accorded to both parties. A court, therefore, must consider the equities not

---

[1] *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v. Allflex USA, Inc*., 77 F.3d 354, 357 (10th Cir. 1996)).

[2] *See id*. (citing *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)).

[3] *County of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1047 (10th Cir. 2002) (applying the standard analysis in a case involving a motion to dismiss with prejudice); *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (stating the general rule in the context of a motion to dismiss without prejudice).

only facing the defendant, but also those facing the plaintiff; a court's refusal to do so is a denial of a full and complete exercise of judicial discretion.[4]

Furthermore, in addressing what constitutes "legal prejudice," the Tenth Circuit has concluded that "[p]rejudice does not arise simply because a second action has been or may be filed against the defendant,"[5] or because of "the possibility that plaintiffs may gain a tactical advantage by refiling in state court" or any other forum.[6]

Even if "legal prejudice" exists, however, the Court may still grant dismissal if the imposition of "terms that the court considers proper" can alleviate the legal prejudice experienced by the opposing party. "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action. The district court, however, should impose only those conditions which will alleviate harm to the defendant."[7]

*Analysis*

The Court finds that while the motion should be granted, curative conditions on dismissal are necessary to ensure that substantial justice is afforded to all parties and to alleviate the legal prejudice that Defendants will suffer upon dismissal. Defendants will undoubtedly suffer legal prejudice upon dismissal—they has expended close to half a million dollars in this and related case, *Jerry Venable Revocable Family Trust v.*

---

[4] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (citations omitted).

[5] *Brown*, 413 F.3d at 1124 (citing *Am. Nat'l Bank & Trust Co. of Sapulpa*, 931 F.2d at 1412).

[6] *Am. Nat'l Bank & Trust Co. of Sapulpa*, 931 F.2d at 1412.

[7] *Id.* (citing *Cross Westchester Dev. Corp. v. Chiulli*, 887 F.2d 431, 432 (2d Cir. 1989); *McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir. 1986); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604–05 (5th Cir. 1976)).

*Chesapeake Operating, LLC*, to date. The Court also views Plaintiff's explanation for dismissal—that it takes too much time and effort to litigate far away from home—as insufficient, particularly in light of the concerns Defendants express that Plaintiff's counsel is forum shopping to its extreme financial detriment. And although this litigation has not yet reached class certification, it has been dragging along for over three years. Needless to say, the stage of litigation at which this case currently sits is not indicative of the massive amount of time and effort Defendants have had to put into this case.

Due to the legal prejudice that Defendants will suffer upon dismissal, the Court hereby deems proper dismissal on the following curative conditions:

(1) In the event counsel for Plaintiff or Plaintiff files any suit seeking to certify substantially the same class against Chesapeake Operating, LLC, or Chesapeake Exploration, LLC, such suit shall be filed in the U.S. District Court for the Western District of Oklahoma and assigned to the Honorable Patrick R. Wyrick.

(2) In the event such suit is filed, all discovery accomplished in this case shall carry over to the new case.

(3) In the event such suit is filed, Defendants will be permitted to file an application for costs and attorney's fees pursuant to Rule 41(d) of the Federal Rules of Civil Procedure.

The Court finds that these conditions accord substantial justice to both parties based on the equities facing both Plaintiff and Defendants.

Plaintiff's counsel takes issue with this first condition because, in his view, it "would constitute an impermissible restriction on Plaintiff's counsel's right to practice law and

would raise ethical issues under the Rules of Professional Conduct."[8] But he only cites rules that pertain to settlement agreements; the Rules of Professional Conduct in no way limit the Court's authority to impose dismissal conditions that it deems fair to the parties. And here, this condition is fair—the history of this and other litigation involving Plaintiff's counsel demonstrates to the Court that he is engaging in forum shopping that has become extremely prejudicial to Defendants. Again, Defendants have already spent close to half a million dollars in a similar case and this very litigation. Requiring Plaintiff's counsel to bring a suit seeking to certify substantially the same class against Chesapeake in this Court does not prevent him from practicing law.

This condition also does not impose a restriction on non-party royalty owners to whom Chesapeake pays royalty. Plaintiff's counsel argues that due to his extensive experience litigating against Chesapeake, "it is reasonable for other royalty owners who are concerned about possible underpayment of royalty to seek out Plaintiff's counsel for a possible action against Chesapeake . . . ."[9] These non-parties, however, do not have to hire Plaintiff's counsel. He is not the only attorney capable of representing royalty owners against Chesapeake. Thus, this restriction on Plaintiff's counsel does not restrict all non-parties to this case, as they are under no obligation to hire Plaintiff's counsel for representation.

---

[8] Pl.'s Reply to Def.'s Resp. to Mot. for Voluntary Dismissal Without Prejudice (Dkt. 84) at 6.

[9] *Id*. at 8.

Finally, the Court finds that the protective order already in place should continue to govern the destruction of confidential documents.

Accordingly, Plaintiff is given leave to file a motion to withdraw his motion for voluntary dismissal by no later than four (4) days from the date of this order. In the event Plaintiff fails to file a motion to withdraw by that deadline, the Court will enter an order granting Plaintiff's Motion for Voluntary Dismissal Without Prejudice (Dkt. 78) upon the conditions described above.

**IT IS SO ORDERED this 21st day of January, 2020.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE